UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY BARKIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:07-CV-24-GZS |
| | ) | |
| PATIENT ADVOCATES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION TO DISMISS**

Before the Court is a Motion to Dismiss filed by Defendant Patient Advocates, LLC ("Patient Advocates"). (Docket # 6.) Patient Advocates asserts that the complaint by Plaintiff Jeffrey Barkin fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons briefly stated herein, the Court DENIES the Motion.

**I.  LEGAL STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Nicolaci v. Anapol, 387 F.3d 21, 24 (1st Cir. 2004). In accordance with this standard, the Court accepts as true Plaintiff's well-pleaded factual averments and draws "all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." Roth v. United States, 952 F.2d 611,

613 (1st Cir. 1991). Generally, a court may only dismiss a claim pursuant to Rule 12(b)(6) if it "appears to a certainty that the plaintiff would be unable to recover under any set of facts." State Street Bank & Trust Co. v. Denman Tire Corp., 240 F.3d 83, 87 (1st Cir. 2001) (quoting Roma Constr. Co. v. Arusso, 96 F.3d 566, 569 (1st Cir. 1996)).

## II.   BACKGROUND

On February 20, 2007, Plaintiff Jeffrey Barkin filed a complaint asserting a cause of action under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Defendant Patient Advocates. (Docket # 1.) Barkin states that he was a covered plan participant of the employee benefit plan offered by his former employer, Neurology Associates of Eastern Maine, P.A., and that Patient Advocates was the plan administrator.

Between December of 2005 and September of 2006, Barkin underwent a comprehensive medical evaluation as recommended by his treating physician. On September 13, 2006, Patient Advocates denied his request for coverage. Barkin timely appealed, and on November 30, 2006, Patient Advocates affirmed the denial on grounds different from those articulated in the September 13 correspondence. Barkin again appealed. On January 9, 2007, Patient Advocates issued a final letter denying coverage for the medical evaluation.

In his complaint, Barkin claims that Patient Advocates wrongly failed to provide coverage for the medical evaluation in violation of ERISA. In addition, Barkin asserts that the correspondence from Patient Advocates failed to comply with the reasonable claims procedures outlined in 29 C.F.R. § 2560.503-1.

On March 15, 2007, Patient Advocates moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket # 6.)

## III. DISCUSSION

ERISA regulates employee welfare benefit plans that provide benefits in the event of sickness, accident, disability or death. § 1002(1); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (overruled in part on other grounds). Designed to provide consistency to employers throughout the United States in how they manage their benefit plans, ERISA sets forth six civil enforcement provisions.[1] § 1132(a). Under the pertinent remedial provision, section 1132(a)(1), a beneficiary may bring a federal civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[2] § 1132(a)(1)(B).

Patient Advocates contends that it is not a proper defendant in this suit under section 1132(a)(1)(B). In the complaint, however, Barkin asserts that Patient Advocates was at all relevant times the plan administrator,[3] and as such is amenable to suit under

---

[1] Notably, the Complaint fails to state the specific provision of ERISA under which Barkin is seeking relief. Patient Advocates claims that the only provision potentially invoked by Plaintiff's Complaint is either § 1132(a)(1)(B) or § 1132(a)(3). Plaintiff does not provide otherwise in Plaintiff Jeffrey Barkin's Opposition and Objection to Defendant Patient Advocates, LLC's Motion to Dismiss. (Docket # 10.) As the Court need only find one set of facts under which Plaintiff may state a claim for relief, the Court accepts this proffer for purposes of deciding the Motion to Dismiss.

[2] The second pertinent remedial provision, section 1132(a)(3), authorizes a plan beneficiary to bring a federal civil action "to obtain other appropriate equitable relief" to address violations of ERISA or to enforce the plan. § 1132(a)(3) Because the Court finds that Plaintiff states a claim for relief under § 1132(a)(1)(B), it is not necessary to reach analysis of whether Plaintiff also states a claim for relief under § 1132(a)(3).

[3] For the Motion to Dismiss, Patient Advocates does not contest that it was the plan administrator. Nonetheless, the Court notes that Patient Advocates is not the plan administrator named within the Plan Document and Summary Plan Description. (Ex. 4 to Docket # 7.) See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (providing that a court may consider a document outside of the pleadings on a motion to dismiss "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents

section 1132(a)(1)(B). Patient Advocates submits that the Plan as an entity is the only proper defendant in a claim under 29 U.S.C. § 1132(a)(1)(B).

Circuit Courts are split with regard to whether an action for benefits under section 1132(a)(1)(B) may be brought against the plan administrator. Compare Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996), and Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir. 1985) ("ERISA permits suits to recover benefits only against the Plan as an entity"), with Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (permitting suit against the plan administrator but not the beneficiary's employer), and Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."). The First Circuit has not addressed with clarity who may be considered a proper defendant under section 1132(a)(1)(B). See Terry v. Bayer Corp., 145 F.3d 28, 35-36 (1st Cir. 1998). In Terry v. Bayer Corporation, a beneficiary brought suit under section 1132(a)(1)(B), naming both the Plan and his employer as defendants. The District Court granted summary judgment in favor of defendants, finding that the Plan was the only proper party to the action. Id. at 43 n.5. On appeal, the First Circuit declined to decide who may be considered a proper defendant under section 1132(a)(1)(B) and affirmed the lower court decision based on the merits of the benefits decision. Id.

Nonetheless, in Terry the First Circuit provided direction regarding the proper parties to an ERISA benefits claim under section 1132(a)(1)(B). In Terry, the beneficiary

---

sufficiently referred to in the complaint"). In future stages of litigation, Plaintiff will bear the burden of proving that Patient Advocates was the Plan Administrator despite not being so named in the Plan Document. See e.g., Law v. Ernst & Young, 956 F.2d 364, 373 (1st Cir. 1992) (allowing an entity that acts as plan administrator to be treated as such for an ERISA breach of fiduciary duty claim).

plaintiff requested that the Court review decisions made by an insurance company retained by the plan administrator to process and manage claims. Id. at 35. In determining whether the decisions by the third party insurance company were subject to review, the First Circuit stated: "ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries. . . . [Therefore] when the plan administrator retains discretion to decide disputes, a third party service provider . . . is not a fiduciary of the plan, and thus not amendable to suit under § 1132(a)(1)(B)." Id.  The Court concluded that "the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." Id. at 36. The First Circuit has also decided cases brought against only plan administrators where there was no challenge to the plan administrator being a proper defendant. See e.g., Cook v. Liberty Life Assurance Co., 320 F.3d 11 (2003); Larocca v. Borden, Inc., 276 F.3d 22, 24 (1st Cir. 2002); Doe v. Travelers Ins. Co., 167 F.3d 53, 59 (1st Cir. 1999).  Thus, where the plan administrator controls administration of the plan, it is a proper defendant in a claim for benefits under section 1132(a)(1)(B).

Notably, other district courts within the First Circuit have come to similar conclusions. See DiGregorio v. PricewaterhouseCoopers Long Term Disability Plan, 03-11191, 2004 U.S. Dist. LEXIS 15485, at *47-48 (D. Mass. 2004) ("I therefore conclude that the plan administrator is a proper party defendant in a suit arising under § 1132(a)(1)(B)."); Seabrooke v. Arch Communs. Group, Inc., 01-349, 2003 U.S. Dist. LEXIS 10689. at *4-6 (D.N.H. 2003); Cook v. Liberty Life Assur. Co., No. 00-408, 2002 U.S. Dist. LEXIS 5580, at *7 (D.N.H. 2002) (stating that "I would be strongly inclined

toward the position that a plan administrator also is a proper party defendant to such a claim so long as it has the authority to determine and pay benefits").

Accepting the allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Patient Advocates, as the Plan Administrator, asserted control over the administration of the Plan by denying Barkin's request for coverage. Further, Patient Advocates twice affirmed the denial of coverage. Plaintiff has also alleged that Patient Advocates failed to comply with the reasonable claims procedures outlined in 29 C.F.R. § 2560.503-1. Thus, Patient Advocates, as the Plan Administrator and the party that controlled administration of the plan, is a proper defendant in an action for benefits under section 1132(a)(1)(B). Therefore, Plaintiff has stated a claim upon which relief may be granted.

## IV.   CONCLUSION

Defendant Patient Advocate's Motion to Dismiss (Docket # 6) is DENIED.

**SO ORDERED.**

                                      /s/ George Z. Singal
                                      Chief United States District Judge

Dated at Portland, Maine, this 27th day of June, 2007.